UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JAMEL STEVENS,                                              :
                                    Plaintiff,              :
                                                            :         12 Civ. 1918 (JPO)
              -against-                                     :
                                                            :         MEMORANDUM AND
THE CITY OF NEW YORK et al.,                                :              ORDER
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      This is a an action brought under 42 U.S.C. § 1983 by a prisoner who alleges violations of his Thirteenth Amendment rights.  Specifically, he alleges that Defendants violated his civil rights by forcing him to work without pay during a period of incarceration.  Defendants have filed a motion to dismiss.  For the reasons that follow, Defendants' motion is granted.

**I.    Standard of Review**

      On a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Court accepts the complaint's factual allegations as true and draws inferences only in the plaintiff's favor.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "*Pro se* status does not . . . excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure," *Jenkins v. New York City Dept. of Educ.*, No. 10 Civ. 6159, 2011 WL 5451711, at *3 (S.D.N.Y. Nov. 9, 2011) *aff'd*, 11-5306, 2013

1

WL 309982 (2d Cir. Jan. 28, 2013), though *pro se* complaints are read liberally and interpreted as raising the strongest arguments they suggest, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Second Circuit has indicated that courts must be "cautious about the hasty dismissal of complaints alleging civil rights violations." *McGarry v. Pallito*, 687 F.3d 505, 510 (2d Cir. 2012) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)).

## II.     Background

On March 14, 2012, Plaintiff Jamel Stevens, proceeding *pro se,* filed a complaint alleging causes of action against Defendants New York Department of Correction, Warden Rose Agro, Captain Banks, and Officer Thorn. (Dkt. No. 2.) On March 23, 2012, the Court dismissed Plaintiff's claims against the New York City Department of Correction and added the City of New York as a defendant. (Dkt. No. 7.) On October 11, 2012, the Court converted a motion to dismiss filed by Defendants into a motion for summary judgment limited to the issue of administrative exhaustion. *See generally Stevens v. City of New York*, No. 12 Civ. 1918, 2012 WL 4948051 (S.D.N.Y. Oct. 11, 2012). That decision was premised on the conclusion that a ruling on the civil rights claim in this case was unwarranted if Plaintiff's claim was barred under the Prison Litigation Reform Act. On January 24, 2013, however, Defendants informed the Court that discovery pursuant to the October 11 ruling had revealed a factual dispute between the parties bearing on the issue of administrative exhaustion. (Dkt. No. 41.) Defendants requested that the Court revisit their 12(b)(6) motion for failure to state a claim under 42 U.S.C. § 1983 and address their argument that Plaintiff's complaint fails on the merits.

Plaintiff's claim arises from alleged violations of his Thirteenth Amendment rights while he was incarcerated at the George R. Vierno Center at Rikers Island ("G.R.V.C."). He alleges that he worked in a Suicide Prevention Alert (SPA) position from March 2011 through August 5,

2011, and that he was promised $56 per week for a 2:00 p.m. to 10:00 p.m. shift that he worked every day.  Plaintiff was paid a regular salary from March 2011 until the end of June 2011, but alleges that he has not been paid for his work between June 27, 2011 and August 5, 2011:

> I was constantly lied to by Staff Officers and Captain Banks saying the problem would be resolved as long as I kept working.  On numerous times I wanted to quit, but Captain Banks and other staff tricked me.  If I quit now how am I going to get paid for the work I've done already.  So I continued to work, expecting to receive back pay – to no avail.  I received no pay for the following weeks that I worked: June 27 to July 3rd, July 3 to July 10, July 11 to July 17, July 18 to July 24, July 25 to July 31 and the last week I worked for five days: August 1st to August 5th.  I went back again and again to Captain Banks whom stated she would look into it and I was on the work list so I would be paid soon.  She lied because they had no other worker because everyone from not being paid.

Plaintiff alleges that Thorn "purposely did not process my pay."  He notes that Banks told him that he had to keep working to get paid, and that if he quit he would not get paid.  He adds that he was never paid because several prison officials said he was not on the work list or deliberately refused to process his payment.  Ultimately, Plaintiff filed this lawsuit seeking remuneration.  In his prayer for relief, Plaintiff asks "the Courts to consider the labor that [he] performed 7 days a week – sometimes a double shift, as well as the headaches and frustration of being deprived of whats rightfully due."  He requests $4,336 for violation of his Thirteenth Amendment rights, a figure that encompasses "compensatory as well as punitive damages."

**III.    Discussion**

The Thirteenth Amendment commands that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.  As the Supreme Court explained in 1883, this Amendment "is not a mere prohibition of State

laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States." *Civil Rights Cases*, 109 U.S. 3, 20 (1883).  The Second Circuit recently reaffirmed that "the term 'involuntary servitude' is not limited to chattel slavery-like conditions" because "[t]he Amendment was intended to prohibit all forms of involuntary labor, not solely to abolish chattel slavery." *McGarry*, 687 F.3d at 510 (citations omitted).

In the same breath, however, the Second Circuit observed that by its plain text, the Thirteenth Amendment "does not apply" to people who have been "duly convicted" of a crime. *Id.* at 511 (citations omitted); *accord United States v. Kozminski*, 487 U.S. 931, 943 (1988) ("By its terms the Amendment excludes involuntary servitude imposed as legal punishment for a crime."); *Barber v. Perdue*, No. 11 Civ. 0127, 2012 WL 5996342, at *2 n.4 (N.D.N.Y. Nov. 9, 2012) *report and recommendation adopted*, No. 11 Civ. 127, 2012 WL 5996866 (N.D.N.Y. Nov. 30, 2012) ("Standing alone, the requirement that prison inmates perform work-related functions while incarcerated does not run afoul of the Thirteenth Amendment's prohibition against involuntary servitude." (citation omitted)); *Rivera v. Carroll*, No. 07 Civ. 7847, 2009 WL 2365240, at *9 (S.D.N.Y. Aug. 3, 2009) ("Plaintiff's claim under the Thirteenth Amendment also fails because he was duly convicted of a crime and committed to jail pursuant to a valid judgment."); *Alexander v. Schenk*, 118 F. Supp. 2d 298, 302 (N.D.N.Y. 2000) ("[E]ven if this Court concluded that Plaintiff was required to work without any compensation while incarcerated, his [Thirteenth Amendment] claim would fail.").  Because Plaintiff has been "duly convicted" of a crime, his Thirteenth Amendment claim cannot succeed.

Even if the Court were to address the nature of Plaintiff's work, however, his allegations do not describe an experience rising to the level of "involuntary servitude."  The Supreme Court

has defined involuntary servitude as "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *Kozminski*, 487 U.S. at 952. The "use and threatened use of physical and legal coercion" is thus an essential element of any enslavement claim under the Thirteenth Amendment. *McGarry*, 687 F.3d at 511. Plaintiff alleges that he was not paid for six weeks of work on the Suicide Prevention Alert. He adds that he was unfairly tricked into continued work by claims that he could only be paid for work already completed if he kept working. He does not allege any other coercion. This distinguishes his case from others in which a Thirteenth Amendment claim prevailed. *See, e.g.*, *McGarry*, 687 F.3d at 511-512 (plaintiff forced to work in prison laundry with threats of 23-hour-per-day confinement and shackling). Because Plaintiff has not alleged the requisite legal or physical coercion, his claim must be dismissed.

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  New York, New York
        April 5, 2012

_____
J. PAUL OETKEN
United States District Judge